UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Spitzer Management, Inc.,** *et al.***,** | ) | **CASE NO. 1:13 CV 2184** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Interactive Brokers, LLC,** *et al.***,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### Introduction

This matter is before the Court upon plaintiffs' Motion for Reconsideration or in the Alternative for Leave to Amend the Complaint (Doc. 34). Plaintiffs move for reconsideration of the Court's ruling granting defendants' motions to dismiss (Doc. 32). For the reasons stated below, plaintiffs' motion for reconsideration is DENIED.

### Facts

This case arises from a fraudulent tax preparatory scheme. The facts are more fully set forth in the Court's opinion of December 20, 2013. Briefly, plaintiffs were clients of Ben-Tax, a tax-preparatory service owned by Richard Zakarin. Ben-Tax had accounts at

1

defendant banks LNB and Fifth Third to which plaintiffs transferred their money based on the representation that it would be paid to federal and state taxing agencies.  It was not.  Instead, Zakarin used the money for his own personal expenses.  He also transferred some of the money to Ben-Tax's account at defendant Interactive Brokers.  This money was then invested and lost in speculative futures contracts.

This Court previously granted defendants' motions to dismiss.  The Court concluded that plaintiffs failed to state a claim under the Patriot Act and Banking Secrecy Act because these statutes do not create any private rights of action.  The Court next dismissed plaintiffs' claim for breach of fiduciary duty because plaintiffs did not establish they had a fiduciary relationship with defendants.  Similarly, the Court dismissed plaintiffs' claim for negligence because the Court concluded that defendants did not owe a duty of care to plaintiffs because they were not defendants' customers.

**Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions to "reconsider."  Such motions are treated in this circuit as motions to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991).  While "[i]t is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue,'" (*McConcha v. Blue Cross & Blue Shield Mut. of Ohio*, 430 F. Supp. 1182, 1184 (N.D.Ohio 1996)), a court may grant a motion to amend or alter judgment if there is a clear error of law,

newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F.3f 804, 834 (6th Cir. 1999).

**Discussion**

Plaintiffs concede that the Patriot Act and the Banking Secrecy Act do not create a private right of action and that dismissal of that claim was correct. However, they argue that the Court erred in granting defendants' motions to dismiss on the issues of breach of fiduciary duty and negligence. Plaintiffs do not argue that any clear error of law, any newly discovered evidence, an intervening change of law, or a manifest injustice supports this Court's reconsideration of its decision. Indeed, they do not address Rule 59 at all.

Rather, plaintiffs argue that their breach of fiduciary duty claim should be allowed to go forward because they have pled sufficient facts to establish a claim for breach of that duty. On this count, plaintiffs appear to argue that Zakarin informed defendants LNB and Fifth Third that the accounts established at their respective banks were special in nature because they were labeled "tax" accounts. This, consequently, could give rise to a fiduciary duty owed to plaintiffs. Plaintiffs also argue that a fiduciary relationship between plaintiffs and LNB and Fifth Third arose by implication because of the special nature of Ben-Tax's bank accounts.

Plaintiffs next argue that the Court erred in granting dismissal on the negligence claim and it should be allowed to go forward for public policy reasons. Plaintiffs argue that federal law already creates a duty to monitor bank accounts on behalf of the United States so it would not be burdensome to expand the duty to plaintiffs. Plaintiffs argue that an expansion of the duty would not cause unlimited liability for banks because customers of tax services, like

3

plaintiffs, are few and so liability would not be unlimited.

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). *See also McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) ("It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.").

Rearguing the case is principally what plaintiffs have done. The Court has already considered and rejected plaintiffs' arguments about the existence of a fiduciary duty and a duty of care between defendants and plaintiffs. The Court will take this opportunity to repeat its holding here. In attempting to establish a breach of fiduciary duty, plaintiffs offered that Ben-Tax's tax accounts at defendants were special deposits which can give rise to fiduciary duties. The Court concluded that plaintiffs failed to plead sufficient facts that the tax accounts were special deposits. However, the Court also concluded that even if the tax accounts had been special deposits, as a matter of law, any fiduciary duty would have been owed to Ben-Tax and not to plaintiffs.[1] Therefore, plaintiffs claim for breach of fiduciary duty had to be dismissed because defendants did not owe them one. Similarly, the Court

---

[1] The Court further notes that Ohio Rev. Code § 1109.15 (E) reads: "Unless otherwise expressly agreed in writing, the relationship between a bank and its obligor, with respect to any extension of credit, is that of a creditor and debtor, and creates no fiduciary or other relationship between the parties." Here, plaintiffs were not defendants' obligors. And their "agreement" certainly was not in writing.

concluded the defendants did not owe a duty of care to plaintiffs, non-customers, because the law in Ohio is that banks do not owe any duty to non-customers.  Because plaintiffs fail to point the Court to any clear error of law, newly discovered evidence, an intervening change in controlling law, or a manifest injustice, their motion for reconsideration is DENIED.

Plaintiffs' request for leave to amend is also denied.  While leave to amend a pleading is generally freely granted, such is not the case when a Rule 15 motion comes after judgement. *See Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612 (6th Cir. 2010).  After judgement, plaintiffs must meet the standards of Rule 59 as well.  Plaintiffs again fail to address the Rule 59 standard.  Consequently, their request for leave to amend and conduct discovery in furtherance of that amendment is DENIED.

### Conclusion

Accordingly, the Court DENIES plaintiffs' motion for reconsideration and DENIES their request for leave to amend.

IT IS SO ORDERED.

   /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated:  2/10/14